**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────

KENNETH T. MEYERS,

                     Plaintiff,

     v.

                                     No. 1:23-CV-173
DONNA BECKER, et al.,                   (DNH/CFH)

                     Defendants.

─────────────────────────────

**APPEARANCES:**

Kenneth T. Meyers
18604
Schoharie County Jail
P.O. Box 159
Howes Cave, New York 12902
Plaintiff pro se

### REPORT-RECOMMENDATION AND ORDER

### I. Background

     Plaintiff pro se Kenneth T. Meyers ("plaintiff") commenced this action on February 8, 2023, by filing a complaint.  See Dkt. No. 1 ("Compl.").  He did not pay the Court's filing fee or submit a motion to proceed in forma pauperis ("IFP") and the Court administratively closed the action.  See Dkt. No. 3.  Plaintiff filed an IFP motion on February 23, 2023, and the Court reopened the case.  See Dkt. Nos. 5, 6, 7, 8.  The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP for the purpose of filing.[1]

─────────────────────────────

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action.

## II. Initial Review

### A. Legal Standard

Section 1915[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted).  This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]"  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

---

[2] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ."  FED. R. CIV. P. 8(a)(1), (3).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too [] heavy [a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citation omitted).  If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

## B. Plaintiff's Complaint

Plaintiff submitted his complaint on a civil rights form against Donna Becker, the Commissioner of the Schoharie County Department of Social Services ("DSS"); and Bryanna Folk, who appears to be the mother of his children.  See Compl. at 1-3. Plaintiff alleges that "Bryanna Folk falsely accused me of multiple accusations and lies to Schoharie County Department of Social Services to receive welfare assistance. Donna Becker without proof wrote said accusations on paper to verify.  Donna Becker states that said accusations from Bryanna Folk are true."  Id. at 3.  He contends that

"Donna Becker has no right to what she is doing.  Bryanna Folk has manipulated Schoharie County DSS."  Id.  Further, plaintiff alleges that "Donna Becker states that it is true to her own knowledge that I am a violent person.  That I use illegal substances.  Donna Becker duly sworn on a statement on the 14th day of October 2022 and lied on said statement."  Id.  Plaintiff asserts that "Bryanna Folk wrote false statements and continues to do so.  She had my children taken from me and she states that she will do whatever it takes to keep my newborn son from me and my six year old step daughter."  Id.  Plaintiff checked a box to indicate that he was bringing the complaint against federal official as "a Bivens claim[,]" he references the Due Process Clause of the Fourteenth Amendment, and he seeks $100,000 for his "mental anguish."  Id. at 4-5.

## C.  Analysis

### 1.  Claims Against Bryanna Folk

"Federal jurisdiction is limited, and specified by statute. . . .  Federal courts exercise jurisdiction in cases that present a federal question, or in cases of diversity jurisdiction[.]"  Zido v. Werner Enterprises, Inc., 498 F. Supp. 2d 512, 513 (N.D.N.Y. 2006) (citing 28 U.S.C. §§ 1331, 1332).  As for diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States."  28 U.S.C. § 1332(a)(1).  "Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.'"  Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir. 2000) (quoting E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998)).  "[A] party's citizenship depends on his [or her] domicile.  Domicile has been

described as the place where a person has 'his [or her] true fixed home and principal establishment, and to which, whenever he [or she] is absent, he [or she] has the intention of returning.'" Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (citation omitted).

Plaintiff lists his and Bryanna Folk's addresses as being in New York. See Compl. at 2. Plaintiff lists his current address as Schoharie County Jail. See id. Attached to his complaint, plaintiff provided an affidavit that was submitted in a Schoharie County Supreme Court case against Donna Becker and Bryanna Folk in which he stated that he has resided in New York for the past ten years. See Dkt. No. 1-2 at 2. Based on the information provided, as both parties appear to be domiciled in the same state, plaintiff has not established diversity jurisdiction.

Next, plaintiff references the Fourteenth Amendment and fills out his complaint on a civil rights form. See Compl. at 1, 4. However, stating a constitutional amendment does not establish federal question jurisdiction. 42 U.S.C. § "1983 allows a plaintiff to assert a claim for deprivation of rights secured by the Constitution or laws of the United States, if the defendant was acting under color of state law when he deprived plaintiff of his rights." Gonzalez v. L'Oreal USA, Inc., 489 F. Supp. 2d 181, 186 (N.D.N.Y. 2007) (citing 42 U.S.C. § 1983). "For a defendant to be determined to be acting under color of state law, he [or she] must 'fairly be said to be a state actor.'" Id. (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). "A private person can be subject to liability under this statute 'if he or she willfully collaborated with an official state actor in the deprivation of the federal right.'" Id. (quoting Dwares v. City of New

York, 985 F.2d 94, 98 (2d Cir. 1993), overruled on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)).

"[S]ection 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Gonzalez, 489 F. Supp. 2d at 186 (quoting Sullivan, 526 U.S. at 50). "The conduct of private actors can be attributed to the State . . . if (1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." Hogan v. A.O. Fox Mem'l Hosp., 346 F. App'x 627, 629 (2d Cir. 2009)[3] (summary order) (citing Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (per curiam)). "[A] private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state." Zavalidroga v. Hester, No. 6:19-CV-1412 (GTS/TWD), 2020 WL 210812, at *9 (N.D.N.Y. Jan. 14, 2020) (citation omitted), report and recommendation adopted, 2020 WL 633291 (N.D.N.Y. Feb. 11, 2020). "However, a 'conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.'" Id. (quoting Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002)).

Bryanna Folk is a private person and plaintiff does not plead any state action or any facts that could be construed as asserting a willful collaboration with a state actor. See Compl. at 2-5. Plaintiff alleges that Commissioner Donna Becker "states that said accusations from Bryanna Folk are true." Id. at 3. However, plaintiff has not alleged

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

any conduct from Bryanna Folk that is conduct typically attributed to a state actor.  As such, plaintiff cannot state a § 1983 against Bryanna Folk and it is recommended that the complaint be dismissed without prejudice for lack of subject matter jurisdiction.  See Heendeniya v. St. Joseph's Hosp. Health Ctr., No. 5:15-CV-01238 (GTS/TWD), 2015 WL 13638618, at *14 (N.D.N.Y. Nov. 30, 2015) ("Because the [] [d]efendants are private actors not acting under color of state law with respect to [the p]laintiff's § 1983 claims against them, the Court recommends that [the p]laintiff's § 1983 claims against the St. Joseph's Defendants be dismissed[.]"), report and recommendation adopted, 2016 WL 756537 (N.D.N.Y. Feb. 25, 2016).

### 2. Claims Against Donna Becker

As an initial matter, "state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress."  Jackson v. Battaglia, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014).  Although Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state, [i]t does not [] extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State." Mulvihill v. New York, 956 F. Supp. 2d 425, 427 (W.D.N.Y. 2013) (quoting Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006)).  As such, the claims against Donna Decker, as the Commissioner of the Schoharie County Department of Social Services, are not barred by the Eleventh Amendment.

Plaintiff indicated in his complaint a desire to sue Commissioner Decker in her individual and official capacities.  See Compl. at 2.  To the extent he seeks to sue her in

8

her official capacity, "[c]laims against a government employee in his [or her] official capacity [are] treated as a claim against the municipality." Guarneri v. Schoharie Cnty. Dep't of Soc. Serv., No. 1:21-CV-0991 (TJM/ML), 2021 WL 6050305, at *7 (N.D.N.Y. Dec. 21, 2021) (quoting Malay v. City of Syracuse, 638 F. Supp. 2d 203, 311 (N.D.N.Y. 2009)), report and recommendation adopted, 2022 WL 1472562 (N.D.N.Y. May 10, 2022); see also Hines v. City of Albany, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008) ("[C]laims against a government employee in his official capacity are treated as a claim against the municipality[.]"). Similarly, insofar as plaintiff could be seen as bringing a claim against the Schoharie County DSS, "[u]nder New York law, departments that are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot be sued." Mulvihill, 956 F. Supp. 2d at 428 (alteration in original) (quoting Omnipoint Comm'ns, Inc. v. Town of LaGrange, 658 F.Supp.2d 539, 552 (S.D.N.Y. 2009)). The appropriate entity would be Schoharie County. See Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't, 557 F. Supp. 2d 408, 416, n.4 (S.D.N.Y. 2008) ("The Department of Corrections Medical Department is a County agency, so the proper party [d]efendant is Westchester County.").

As to Schoharie County, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978)). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." Id.; see also Parent v. New York, 786 F. Supp. 2d 516, 537 (N.D.N.Y. 2011) ("In an official capacity suit against a

9

municipal employee, a plaintiff must show that the acts were performed pursuant to a policy or custom."), aff'd, 485 F. App'x 500 (2d Cir. 2012) (summary order).

In plaintiff's case caption he names "Schoharie County Social Services Donna Becker." Compl. at 1. Throughout his complaint, plaintiff does not state any allegations against Schoharie County DSS or Schoharie County. See id. at 2-5. Liberally construing plaintiff's complaint, there are no allegations of a policy or custom sufficient to withstand initial review. Rather, the complaint contains allegations concerning only Commissioner Becker's individual conduct. See id. at 2-5. As such, it is recommended that any purported claims against Donna Becker in her official capacity and against the Schoharie County DSS be dismissed as they are not the appropriate entity to sue, and plaintiff has not stated a claim for municipal liability. See Schweitzer v. Crofton, 935 F. Supp. 2d 527, 551 (E.D.N.Y. 2013) ("[The [p]laintiffs' claim against the Suffolk County Department of Social Services must be dismissed because it is not a suable entity."), aff'd, 560 F. App'x 6 (2d Cir. 2014) (summary order); Trombley v. O'Neill, 929 F. Supp. 2d 81, 101 (N.D.N.Y. 2013) ("[The p]laintiff has failed to allege the existence of any policy, custom, or failure to train, as a basis for his § 1983 claims. Accordingly, because [the p]laintiff has failed to state a basis for the liability of Essex County on any of his claims, all claims against [the d]efendants in their official capacities must be dismissed.").

To the extent plaintiff seeks to bring this action against Commissioner Becker in her individual capacity, plaintiff has not sufficiently stated a due process claim. "The Fourteenth Amendment requires that, 'except in emergency circumstances, judicial process must be accorded both parent and child before removal of the child from his or

her parent's custody may be effected.'" <u>Santos v. Syracuse Police Dep't</u>, No. 5:22-CV-1102 (MAD/ATB), 2022 WL 16949542, at *7 (N.D.N.Y. Nov. 15, 2022) (quoting <u>Southerland v. City of New York</u>, 680 F.3d 127, 142 (2d Cir. 2012)). "The emergency exception allows 'government officials [to] remove a child from his or her parents' custody before a hearing is held where there is an objectively reasonable basis for believing that a threat to the child's health or safety is imminent.'" <u>Id.</u> (quoting <u>Gottlieb v. County of Orange</u>, 84 F.3d 511, 518, 520 (2d Cir. 1996)). "Courts 'examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" <u>Phillips v. County of Orange</u>, 894 F. Supp. 2d 345, 372 (S.D.N.Y. 2012) (quoting <u>Ky. Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460 (1989)). "For purposes of procedural due process analysis, parents have 'a constitutionally protected liberty interest in the care, custody and management of their children[.]'" <u>Kia P. v. McIntyre</u>, 235 F.3d 749, 759 (2d Cir. 2000) (quoting <u>Tenenbaum v. Williams</u>, 193 F.3d 581, 593 (2d Cir. 1999)).[4]

Additionally, "a parent may [] bring suit under a theory of violation of his or her right to substantive due process." <u>Santos</u>, 2022 WL 16949542, at *7 (quoting

---

[4] Insofar as plaintiff mentions not being allowed to see his stepdaughter, he does not explain whether he has custody over her. <u>See</u> Compl. at 3. Cases within the Second Circuit have noted that there does not appear to be an established constitutionally protected interest in a non-custodial parent's visitation rights. <u>See Uwadiegwu v. Dep't of Soc. Servs. of the Cnty. of Suffolk</u>, 91 F. Supp. 3d 391, 396 (E.D.N.Y. 2015) (citing <u>Young v. County of Fulton</u>, 999 F. Supp. 282, 286-87 (N.D.N.Y.1998) ("The plaintiff has failed to set forth even one case which establishes that visitation, as opposed to custody is a constitutionally protected liberty interest of a parent who does not have custody."), <u>aff'd</u>, 160 F.3d 899 (2d Cir. 1998)) (Plaintiff fails to offer any case law—and the Court's independent research has not produced any—that establishes a non-custodial parent's fundamental liberty interest in visitation."), <u>aff'd</u>, 639 F. App'x 13 (2d Cir. 2016); <u>see also Dabah v. Franklin</u>, No. 19-CV-10579 (ALC), 2022 WL 973834, at *5 (S.D.N.Y. Mar. 31, 2022).

Southerland, 680 F.3d at 142). "Such a claim can only be sustained if the removal of the child would have been prohibited by the Constitution even had the [parents] been given all the procedural protections to which they were entitled." Id. (citation and quotation marks omitted). "To state a claim for a violation of this substantive due process right of custody, a plaintiff must demonstrate that the state action depriving him of custody was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 275 (2d Cir. 2011) (citation omitted). "It is not enough that the government act be 'incorrect or ill-advised'; it must be 'conscience-shocking.'" Id. (citation omitted).

Plaintiff has not sufficiently alleged a procedural or substantive due process claim against Commissioner Becker in her individual capacity. The only allegations plaintiff asserts against Commissioner Becker are that she stated in a sworn affidavit that plaintiff is a violent person who used illegal substances and she affirmed the truth of Bryanna Folk's statements against plaintiff. See Compl. at 3. Plaintiff alleges that Commissioner Becker's sworn statements are false. See id.

Plaintiff has not alleged any facts concerning his custody of his children, the procedures taken to remove the children from his custody, or the duration of the deprivation. See Compl. at 4-5. There are no facts asserting what context Commissioner Becker allegedly lied in or if there were any formal proceedings concerning the Bryanna Folk's of Commissioner's Becker's statements, or the children's removal. See id. at 3-5. As plaintiff has not alleged any procedures that occurred concerning the removal of his children, let alone ones that were deficient, he has failed

12

to state a procedural due process claim. Additionally, other than plaintiff's plain assertion that Commissioner Becker was lying, there are no allegations to indicate that she engaged in conduct that is so egregious or shocking as to state a substantive due process claim, particularly, where it appears that Commissioner Becker swore to the truthfulness of her statements. See Compl. at 3. Plaintiff's bare allegations that Commissioner Becker lied in sworn affidavit are insufficient to state a claim for which relief could be granted under either substantive or procedural due process. As such, it is recommended that the complaint against Commissioner Becker in her individual capacity be dismissed.

### III. Leave to Amend

Generally, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

As it is not an entirely foregone conclusion that plaintiff could amend his complaint to state a claim against Bryanna Folk, Schoharie County, and Commissioner Donna Becker in her individual capacity, it is recommended that plaintiff be afforded an

opportunity to amend his complaint to address the deficiencies outlined within this Report-Recommendation and Order.

### IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 5) is **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and it is

**RECOMMENDED**, that should the District Judge adopt this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not file an amended complaint, it will be deemed as an abandonment of any claims for which leave to replead has been granted and will result in judgment being entered against plaintiff on these claims without further order by the Court; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. <u>Roldan v. Racette</u>,

984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892

F.2d 15 (2d Cir. 1989)); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[5]

        Dated:  April 5, 2023
               Albany, New York


                        <i>Christian F. Hummel</i>
                        ───────────────────────────
                        Christian F. Hummel
                        U.S. Magistrate Judge

---

[5] If you are proceeding <u>pro se</u> and are served with this Report-Recommendation & Order by mail, three
(3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17)
days from the date the Report-Recommendation & Order was mailed to you to serve and file objections.
FED R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday,
then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal
holiday.  <u>Id.</u> § 6(a)(1)(c).