**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━

KENNETH T. MEYERS,

                              Plaintiff,

           v.

DONNA BECKER, et al.,                              No. 1:23-CV-173
                                                   (DNH/CFH)

                              Defendants.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**APPEARANCES:**

Kenneth T. Meyers
18604
Schoharie County Jail
P.O. Box 159
Howes Cave, New York 12902
Plaintiff pro se

**REPORT-RECOMMENDATION AND ORDER**

**I. Procedural Background**

        Plaintiff pro se Kenneth T. Meyers ("plaintiff") commenced this action on

February 8, 2023, by filing a complaint.  See Dkt. No. 1 ("Compl.").  On February 23,

2023, he filed an application to proceed in forma pauperis ("IFP").  See Dkt. No. 5.  In a

Report-Recommendation and Order dated April 5, 2023, the undersigned granted

plaintiff's application to proceed IFP and recommended dismissing his complaint without

prejudice and with leave to amend.  See Dkt. No. 9.  Plaintiff was informed that he had

fourteen days to file objections to the Report-Recommendation and Order.  See id. at

14.[1]  Plaintiff did not file any objections but filed an amended complaint on April 20,

2023.  See Dkt. No. 10 ("Am. Compl.").  On April 25, 2023, District Judge David N. Hurd

adopted the Report-Recommendation and Order in its entirety and referred the

amended complaint to the undersigned for review.  See Dkt. No. 11.  Thus, presently

before the Court is plaintiff's amended complaint for review pursuant to 28 U.S.C.

§ 1915.  See Am. Compl.

## II. Initial Review of Amended Complaint

### A. Legal Standard

Section 1915[2] of Title 28 of the United States Code directs that, when a plaintiff

seeks to proceed IFP, "the court shall dismiss the case at any time if the court

determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility

to determine that a plaintiff may properly maintain his or her complaint before permitting

him or her to proceed with the action.

Where, as here, the "plaintiff proceeds pro se, the court must construe his [or

her] submissions liberally and interpret them to raise the strongest arguments that they

suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam)

---

[1] Citations to the record are to the pagination generated by CM/ECF in the header of each page.
[2] The language of § 1915 suggests an intent to limit availability of IFP status to prison inmates.  See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

(citation and internal quotation marks omitted).  This does not mean that the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]"  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (citations and internal quotation marks omitted).  Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ."  FED. R. CIV. P. 8(a)(1), (3).

Although "[n]o technical form is required," the Federal Rules make clear that each

allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances.  A later pleading may refer by number to a
> paragraph in an earlier pleading.  If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of

identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189

F.R.D. at 55 (citations and internal quotation marks omitted).  A complaint that fails to

comply with the pleading requirements "presents far too [] heavy [a] burden in terms of

defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D.

352, 355 (N.D.N.Y. 1996).  The Second Circuit has held that "[w]hen a complaint does

not comply with the requirement that it be short and plain, the court has the power, on

its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42

(2d Cir. 1988) (internal citation omitted).  However, "[d]ismissal [] is usually reserved for

those cases in which the complaint is so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised."  Id. (citation omitted).  If

dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff

leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir.

1995).

**B. Plaintiff's Amended Complaint**

Plaintiff alleges that Bryanna Folk, his ex-girlfriend and the mother of his children, presented false accusations against him to the Department of Social Services ("DSS") "to receive welfare assistance and benefit[.]"  Am. Compl. at 2-3.  He also asserts that Donna Becker, who was the Commissioner of Schoharie County DSS at the time, verified the truth of Ms. Folk's lies and accusations.  See id. at 3.  Plaintiff alleges that Ms. Becker no longer works for DSS as of January or February 2023, because she resigned and "for reckless action."  Id. a 3-4.  Plaintiff alleges that Ms. Folk and Ms. Becker stated and verified that plaintiff was a violent person and used illegal substances.  See id. at 4.  Plaintiff states, "[t]here is 'no' criminal record of violence in criminal history or use of illegal substances[.]"  Id.  Ms. "Becker met with plaintiff [sic] girlfriend who" participated in an "elaborate scheme of falsely accusing the plaintiff of violence or illegal substances of any kind[.]"  Id.  Ms. Folk brought child neglect charges against plaintiff in family court, and she received an ex parte order of protection.  See id. The order of protection prohibits plaintiff from seeing his children unless under Ms. Folk's supervision.  See id.

Plaintiff alleges First and Fourteenth Amendment violations of his "liberty interest in the custody control and management of his children, [and] his right of intimate association"; a municipal liability claim "against County Schoharie and defendant Donna Becker for improper training and supervision of County Employee at time of Employment"; malicious prosecution claims under the Fourth and Fourteenth Amendments and New York State law; a claim for interference with custody under New York State law; and a negligence claim.  Id. at 5.

## C. Analysis

### 1. Bryanna Folk

As to Ms. Folk, state action is required to bring a claim under § 1983.  See Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (per curiam) (citations and quotation marks omitted) (alterations in original) ("The Supreme Court has explained that [t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  Accordingly, . . . [a] plaintiff pressing a claim of violation of his constitutional rights under § 1983 is [] required to show state action.").  "State action requires a showing that the allegedly unconstitutional conduct is fairly attributable to the State."  Momot v. Dziarcak, 208 F. Supp. 3d 450, 455 (N.D.N.Y. 2016) (citations and quotation marks omitted).  "When a plaintiff contends that a private actor violated his rights, the plaintiff proves state action by demonstrating that there is such a close nexus between the State and the challenged action that seemingly private behavior 'may be fairly treated as that of the State itself."  Id. (quotation marks omitted) (quoting Grogan v. Blooming Grove Volunteer Ambulance Corps, 768 F.3d 259, 264 (2d Cir. 2014)).

Plaintiff has not alleged that Ms. Folk engaged in state action or in any function that is attributable to the State.  See generally Am. Compl.  Thus, it is recommended that the amended complaint be dismissed against Bryanna Folk.  As plaintiff was already afforded an opportunity to cure this deficiency and there is no indication that he could plead state action in relation to Ms. Folk's conduct, it is recommended that the complaint be dismissed with prejudice as against Ms. Folk.  See Coleman v. Olinski, No. 5:16-CV-0838 (MAD/DEP), 2016 WL 11265984, at *4 (N.D.N.Y. July 29, 2016)

("[The] plaintiff has failed to plead (and could not plead under any circumstances)

("[T]he requisite state action to support a claim under section 1983 against her

attorneys.  Since there does not appear to be any other federal right implicated by [the]

plaintiff's allegations, I recommend that her section 1983 complaint be dismissed with

prejudice . . . ."), report and recommendation adopted, 2017 WL 752182 (N.D.N.Y. Feb.

27, 2017); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam)

("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not

an abuse of discretion to deny leave to amend."); Syfert v. City of Rome, No. 6:17-CV-

0578 (GTS/TWD), 2018 WL 3121611, at *8 (N.D.N.Y. Feb. 12, 2018) (internal citation

omitted) ("Because [the p]laintiff has already been given the opportunity to amend his

complaint, and the allegations in his amended complaint, construed liberally, give no

indication that a valid claim might be stated if [the p]laintiff were given another

opportunity to amend, the Court recommends that the dismissal be with prejudice."),

report and recommendation adopted, 2018 WL 2316681 (N.D.N.Y. May 22, 2018), aff'd,

768 F. App'x 66 (2d Cir. 2019).[3]

## 2.  Donna Becker

### a.  Failure to State a Claim

As plaintiff acknowledges, a suit against Ms. Becker in her official capacity as the

Commissioner of Schoharie County DSS is a suit against Schoharie County.  See Am.

Compl. at 6; see also Hines v. City of Albany, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008)

(citation omitted) ("[C]laims against a government employee in his official capacity are

treated as a claim against the municipality[.]").  "A municipality 'may not be held liable

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

under [§] 1983 unless the challenged action was performed pursuant to a municipal policy or custom.'"  Durr v. Slator, 558 F. Supp. 3d 1, 35 (N.D.N.Y. 2021) (citation omitted); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).  A municipal policy or custom can be alleged by stating:

> "(1) a formal policy, promulgated or adopted by the entity; or (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights; or (3) the existence of an unlawful practice by subordinate officials that was so permanent or well settled so as to constitute a 'custom or usage,' and that the practice was so widespread as to imply the constructive acquiescence of policymaking officials."

Durr, 558 F. Supp. 3d at 35 (citation omitted).  "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."  Hillary v. St. Lawrence County, No. 8:17-CV-659 (GLS/DEP), 2019 WL 977876, at *7 (N.D.N.Y. Feb. 28, 2019) (quoting Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)).

Plaintiff states that his constitutional deprivations are "cause[d] by a government custom, polic[y] or usage of the municipality or respondeat superior basis and the plaintiff has shown municipal employee Donna Becker that act were performed pursuant to a policy and custom[.]"  Am. Compl. at 6.  This is insufficient to allege a claim for municipal liability.  Plaintiff does not state what Schoharie County's alleged policy was or how it negatively impacted plaintiff.  See id.  Plaintiff provides the case number for another case in the Northern District of New York that was brought against Schoharie County DSS and Donna Becker, among other individuals.  See id.; see also Guarneri v. Schoharie Cnty. Dep't of Soc. Serv., No. 1:21-CV-0991 (TJM/ML), 2021 WL 6050305, at *6-7 (N.D.N.Y. Dec. 21, 2021), report and recommendation adopted, 2022 WL

1472562 (N.D.N.Y. May 10, 2022). In <u>Guarneri</u>, the plaintiff alleged that the defendants maintained a homeless shelter that had poor conditions, plaintiff's Supplemental Nutrition Assistance Program benefits were incorrect, and he paid more debt than he was required, to the defendants. <u>See</u> 2021 WL 6050305, at *7. The Court dismissed the claims against Schoharie County because "[t]here is no indication that [the p]laintiff can assert a policy or custom which would support municipal liability based on these facts. In addition, none of [the p]laintiff's allegations reflect a failure to train or 'deliberate indifference' to the rights of persons who would come into contact with [the d]efendants." <u>Id.</u> (citation omitted). Here, as plaintiff has in no way stated a policy or custom and only alleged a single incident with Ms. Becker, it is recommended that plaintiff's complaint against Donna Becker in her official capacity be dismissed with prejudice. <u>See</u> <u>Hillary</u>, 2019 WL 977876, at *7; <u>see also</u> <u>Ruffolo</u>, 987 F.2d at 131; <u>Syfert</u>, 2018 WL 3121611, at *8.[4]

Finally, insofar as plaintiff seeks to sue Ms. Becker in her individual capacity, he has failed to state a claim for a violation of his constitutional rights. Plaintiff references the First Amendment's "right of intimate association" and the Fourteenth Amendment's procedural due process clause. Am. Compl. at 5. First, as explained in the undersigned's April 5, 2023, Report-Recommendation and Order, a procedural due

---

[4] Plaintiff states that Ms. Becker no longer works for Schoharie County DSS. <u>See</u> Am. Compl. at 3-4. Even if his claim against Ms. Becker in her official capacity could proceed, Federal Rule of Civil Procedure 25 states, "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution." FED. R. CIV. P. 25(d). As such, if the District Judge were to disagree with the undersigned's recommendation and the complaint were permitted to proceed, not only would Schoharie County be the appropriate defendant instead of the Commissioner, but Ms. Becker's successor would need to be substituted for Ms. Becker as to the official capacity claim.

process claim requires, in part, allegations concerning the constitutional sufficiency of the relevant procedures.  See Meyers v. Becker, No. 1:23-CV-173 (DNH/CFH), 2023 WL 3079611, at *5 (N.D.N.Y. Apr. 5, 2023) (quoting Phillips v. County of Orange, 894 F. Supp. 2d 345, 372 (S.D.N.Y. 2012)), report and recommendation adopted, 2023 WL 3073495 (N.D.N.Y. Apr. 25, 2023).[5]  The Second Circuit has explained that "before parents may be deprived of the care, custody, or management of their children without their consent, due process—ordinarily a court proceeding resulting in an order permitting removal—must be accorded to them." Southerland v. City of New York, 680 F.3d 127, 149 (2d Cir. 2012) (citation and quotations marks omitted).  "[I]n emergency circumstances, a child may be taken into custody by a responsible State official without court authorization or parental consent."  Id. (citation and quotation marks omitted).  "If the danger to the child is not so imminent that there is reasonably sufficient time to seek prior judicial authorization, ex parte or otherwise, for the child's removal, then the circumstances are not emergent."  Id. (citations and quotation marks omitted).

"Perjury by a[ child service's] caseworker to effectuate an otherwise improper removal may constitute a violation of procedural due process." Green ex rel. T.C. v. Mattingly, No. 07-CV-1790 (ENV/CLP), 2010 WL 3824119, at *9 (E.D.N.Y. Sept. 23, 2010) (collecting cases).  "The question for the Court . . . is whether [the] alleged misrepresentations were sufficiently material and serious to render the removal process constitutionally defective."  Id. (citing Cornejo v. Bell, 592 F.3d 121, 128 (2d Cir. 2010)); see also Yuan v. Rivera, 48 F. Supp. 2d 335, 346 (S.D.N.Y. 1999) (quoting Morrison v.

---

[5] As plaintiff was mailed a copy of the April 5, 2023, Report-Recommendation and Order, and Judge Hurd's April 25, 2023, Order, copies of each have not been provided with the present Report-Recommendation and Order.  See Dkt. Nos. 9, 11.

Lefevre, 592 F. Supp. 1052, 1073 (S.D.N.Y. 1984)) ("The right to a fair tribunal includes the right to a proceeding free of perjury by state officials. 'The introduction of false evidence in itself violates the due process clause.'").

Plaintiff attaches Ms. Becker's "Verification" to his complaint. Am. Compl. at 8; see also Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (explaining that the court may consider any written documents that are attached to a complaint, incorporated by reference, or are "integral" to it.). In her statement, Ms. Becker affirmed that she "is acquainted with the facts and circumstances of the above-entitled proceeding;" " she has read the foregoing petition and knows the contents thereof;" "the same is true to her own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters she believes it to be true." Am. Compl. at 8. The matter is captioned "State of New York ss. County of Schoharie." Id. Plaintiff does not explain what the " above-titled proceeding" was, whether it was the family court neglect case or Ms. Folk's request for welfare assistance. Id. He also does not attach the petition to which Ms. Becker refers. See id. Plaintiff alleges that Ms. Becker stated, "that it is true that to her own knowledge that [plaintiff] is a violent person." Id. at 4. Plaintiff does not allege whether the substance abuse allegation was affirmed by Ms. Becker based on information and belief or as true to her own knowledge. See id.

Plaintiff does not allege whether Ms. Becker's verification was presented to the Family Court, what the Family Court's findings were, whether the drug and violence allegations impacted the Family Court's decision, or whether he is violent and uses illegal substances. See generally Am. Compl. Rather, plaintiff alleges that he does not have a criminal history or record for violent behavior or illegal drug usage, and that Ms.

11

Folk's "accusation[s] and lies" resulted in her obtaining DSS welfare assistance. Id. at 3-4.

Plaintiff's allegations are insufficient to allege a procedural due process claim concerning the Family Court's order that resulted in his visitation with his children being limited. Plaintiff has not explained whether he received notice of the child neglect charges, or whether there was a pre-deprivation hearing or prompt post-deprivation hearing. See Cornigans v. Mark Country Day Sch., No. 03-CV-1414, 2006 WL 3950335, at *5 (E.D.N.Y. July 12, 2006) ("[P]rocedural due process generally requires a hearing prior to depriving a parent of custody or a prompt post-deprivation hearing if the child is removed under emergency circumstances."). Without this information and any allegations concerning the impact that the allegedly false statements had on the Family Court's findings, plaintiff has not stated a procedural due process claim sufficient to withstand initial review. See Smith v. Tkach, No. 3:17-CV-0286 (GTS/ML), 2019 WL 3975440, at *15 (N.D.N.Y. Aug. 22, 2019), aff'd, 844 F. App'x 414 (2d Cir. 2021) (summary order) ("To the extent that [the p]laintiff alleges that the proceedings were somehow deficient because the Family Court based its decision on false statements or testimony by Defendant Eaves in particular, [the p]laintiff has not provided any evidence to establish that the Family Court even had access to Defendant Eaves' statements in the relevant FASP, much less that there existed a causal nexus between those statements and the Family Court's ultimate decision."); Yuan, 48 F. Supp. 2d at 346-47 (denying summary judgment on procedural due process claim where the plaintiff alleged that the caseworker signed a petition, testified, and stated certain statements that she later admitted "she never believed"); Wright v. Szczur, No. 11-CV-140, 2012 WL

268283, at *7 (W.D.N.Y. Jan. 30, 2012) (concluding that "dismissal is unwarranted" where the plaintiffs "alleged the warrant application was procured through perjured testimony[,]" but dismissing the complaint against the Erie County Department of Social Services and Child Protection Services for failure to allege a policy or custom); Sulaymu-Bey v. City of New York, No. 17-CV-3563 (AMD/SJB), 2019 WL 1434597, at *5 (E.D.N.Y. Mar. 29, 2019) (allowing procedural due claim to procedure where the plaintiffs alleged that their children were removed without prior court authorization or parental consent and there was no emergency warranting the removal).

Additionally, insofar as plaintiff states that Ms. Becker's "investigation of the allegations against plaintiff was constitutionally and legally inadequate," Am. Compl. at 4, "[p]laintiff has no protected property or liberty interest in the initiation of a governmental investigation, or in the particular outcome of an investigation by DSS." Welch v. Fitzgerald, No. 5:18-CV-461 (MAD/ATB), 2018 WL 6173796, at *5 (N.D.N.Y. May 16, 2018) (citations omitted), report and recommendation adopted, 2018 WL 4795759 (N.D.N.Y. Oct. 4, 2018).  As plaintiff has not alleged what procedures took place and how, if at all, Ms. Becker's verification impacted those procedures, it is recommended that his procedural due process claim be dismissed.

Next, plaintiff references the First Amendment's "right of intimate association." Am. Coml. at 5.  "The right to intimate association protects the close ties between individuals from inappropriate interference by the power of the state."  Chi Iota Colony of Alpha Epsilon Pi Fraternity v. City Univ. of New York, 502 F.3d 136, 143 (2d Cir. 2007) (citing Roberts v. U.S. Jaycees, 468 U.S. 609, 619 (1984)).  The Second Circuit has noted the Supreme Court's two applications of the First Amendment to association

claims: "'choices to enter into and maintain certain intimate human relationships,' and 'associat[ion] for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion.'" New Hope Fam. Servs., Inc. v. Poole, 966 F.3d 145, 178 (2d Cir. 2020) (quoting Roberts v. U.S. Jaycees, 468 U.S. 609, 617-18 (1984)); see also Garten v. Hochman, No. 08-CV-425 (PGG), 2010 WL 2465479, at *3 (S.D.N.Y. June 16, 2010) (collecting cases) ("Courts in this circuit have acknowledged that a First Amendment right to intimate association is implicated '[w]here a plaintiff is allegedly retaliated against for the First Amendment activities of a family member.'"). "Where the intimate association right at issue is tied to familial relationships and is independent of First Amendment retaliation concerns, however, the Second Circuit has employed an analysis under the framework of the Fourteenth Amendment right to substantive due process." Garten, 2010 WL 2465479, at *4 (citing, inter alia, Patel v. Searles, 305 F.3d 130, 136-38 (2d Cir. 2002); Wilkinson v. Russell, 182 F.3d 89, 103-06 (2d Cir. 1999)); see also Gorman v. Rensselaer County, 910 F.3d 40, 47 (2d Cir. 2018) (citing Adler v. Pataki, 185 F.3d 35 (2d Cir. 1999)) ("[T]here is no allegation that [the plaintiff's] sister . . . at any time exercised her right to free speech under the First Amendment; so [the plaintiff's] claim does not implicate the First Amendment retaliation concerns . . . . Accordingly, we consider the intent requirement within the framework of the Due Process Clause of the Fourteenth Amendment.").

"The Fourteenth Amendment guarantees a substantive right under the Due Process Clause to intimate familial association[.]" Gorman, 910 F.3d at 47. "A claim for infringement of the right to familial association requires conduct so shocking, arbitrary,

14

and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." Id. (quotation marks omitted) (quoting Anthony v. City of New York, 339 F.3d 129, 143 (2d Cir. 2003)). "[S]tate action that is merely 'incorrect or ill-advised' is insufficient to satisfy this standard; '[o]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" Smith, 2019 WL 3975440, at *16 (second alteration in original) (quoting Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 275 (2d Cir. 2011)).

Plaintiff has not alleged that he was retaliated against for the exercise of any freedom by himself or a family member. Thus, he has not alleged a First Amendment claim. See Garten, 2010 WL 2465479, at *4 (dismissing First Amendment intimate association claim because the plaintiff "has not adequately alleged that [the d]efendants retaliated against him—for exercising his First Amendment rights—by interfering with his right to intimate association.").

Reviewing his claim under the Fourteenth Amendment substantive due process framework, plaintiff has not alleged facts sufficient to state a claim. The Court cannot say that Ms. Becker's conduct in verifying Ms. Folk's statements was so arbitrary and egregious where plaintiff alleges that Ms. Becker was informed by Ms. Folk and plaintiff's girlfriend that he was violent and used illegal substances. See Am. Compl. at 4; see also Trombley v. O'Neill, 929 F. Supp. 2d 81, 103 (N.D.N.Y. 2013) (dismissing substantive due process claim because "the removal of H and N from [the p]laintiff's custody was pursuant to an order of the Family Court based on, among other things, evidence that [the p]laintiff had subjected H and N to witnessing a domestic violence incident and that he had done so while having abused alcohol in their presence.");

Roach v. Clark, No. 5:15-CV-0408 (LEK/ATB), 2015 WL 4067504, at *11 (N.D.N.Y. July 2, 2015) (dismissing substantive due process claim because "[o]ther than allegedly using a report that was ultimately determined to be 'unfounded,' [the] plaintiff makes no other allegations against [the] defendant [caseworker] or her supervisors.").  Even assuming that Ms. Becker's verification was ill-advised or incorrect because Ms. Folk and/or plaintiff's girlfriend were not being truthful, plaintiff has not alleged facts sufficient to show that Ms. Becker's conduct was so shocking and arbitrary as to state a substance due process claim. See Gorman, 910 F.3d at 47.  Thus, the undersigned recommends dismissing the complaint on this issue.

As to the due process claims against Ms. Becker in her individual capacity, in light of the special solicitude afforded to pro se plaintiffs, it is recommended that plaintiff be afforded another opportunity to amend his complaint to address the deficiencies outlined in his Report-Recommendation and Order.  See Anthony v. Fein, Such & Crane, LLC, No. 5:15-CV-00452 (DNH/TWD), 2015 WL 7749894, at *5 (N.D.N.Y. Sept. 22, 2015) ("Given [the p]laintiff's pro se status and the inability to rule out completely the possibility that he could state a claim at this point, the Court recommends that he be granted one more opportunity to amend his complaint . . . ."), report and recommendation adopted, 2015 WL 7738048 (N.D.N.Y. Dec. 1, 2015).  Should the District Judge adopt the undersigned's recommendation, plaintiff is advised that an amended pleading will replace and supersede any prior pleading and must be a complete pleading.  Plaintiff cannot incorporate a prior pleading by reference. See id. ("The Court further recommends that in the event [the p]laintiff is granted leave to amend, he be instructed that the amended complaint will take the place of and

16

effectively invalidate [the p]laintiff's second amended complaint, and that the amended complaint must fully comply with Rules 8(a) and 10(a) and (b) of the Federal Rule of Civil Procedure.").

### b. Rooker-Feldman Doctrine

Even if plaintiff had sufficiently stated a substantive or procedural due process claim against Ms. Becker, the claims are likely barred by the Rooker-Feldman doctrine. "The *Rooker-Feldman* doctrine effectively precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments.'" DeMeo v. Kean, 754 F. Supp. 2d 435, 448 (N.D.N.Y. 2010) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)).  "The Supreme Court has cautioned that this doctrine must be applied narrowly and be 'confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.'" Id. (citation omitted).  The Rooker-Feldman doctrine bars this Court's review of a state-court decision if "(1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff requests the district court to review and reject the state court judgment; and (4) the state court judgment was rendered before the proceedings commenced in the district court." Id. (citing V.S. v. Muhammad, 595 F.3d 426, 430 (2d Cir. 2010)).  "In order to assert an 'independent claim' that is not barred by *Rooker-Feldman*, a plaintiff must assert 'a claim based on an injury that was not caused by the state-court judgment.'" Wilson v. Emond, No. 3:10-CV-659 (VLB), 2011 WL 494777, at *8 (D. Conn. Feb. 5, 2011) (quoting McKithen v. Brown, 481 F.3d 89, 98 (2d Cir. 2007)).  "The crucial inquiry in this analysis is whether 'the state-court judgment [is] the source of the injury.'" Id. (alteration

in original) (quoting Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87 (2d Cir.

2005)).  "Improper conduct by a third party, standing alone, is insufficient to state an

'independent claim' for *Rooker-Feldman* purposes if that third party's conduct did not

cause an injury that was separate and distinct from that caused by the state court

judgment itself."  Id. (citing Buford v. Palisades Collection, LLC, 552 F. Supp. 2d 800,

805 (N.D.Ill. 2008)).

The Rooker-Feldman doctrine often bars review of family court orders even

where the complaint does not specifically mention a family court or seeks to challenge

conduct that occurred prior to the entering of the order.  See, e.g., Cleveland v.

Schenectady Cnty., Northeast Parent & Child Society, et al., No. 1:16-CV-1235

(NAM/DJS), 2018 WL 11540911, at *8 (N.D.N.Y. Mar. 15, 2018) ("[The p]laintiff's due

process claims [against Schenectady County, Northeast Parent and Child Society, and

the case worker] fall within the . . . the *Rooker-Feldman* doctrine, and therefore, must be

dismissed for lack of subject matter jurisdiction."); Johnson v. Myers, No. 10-CV-1964

(JS/WDW), 2014 WL 2744624, at *8 (E.D.N.Y. June 16, 2014) ("[The p]laintiff's

procedural due process claim [against a case worker and his supervisor] is traceable

directly to the Family Court orders and that it improperly invites review and rejection of

these orders.  Thus, *Rooker-Feldman* divests this Court of jurisdiction over [the

p]laintiff's procedural due process claim."), vacated and remanded on other grounds sub

nom. Myers v. Patterson, 819 F.3d 625 (2d Cir. 2016); Phifer v. City of New York, 289

F.3d 49, 58 (2d Cir. 2002) (citation omitted) ("To the extent that [the plaintiff] alleges in

her complaint that certain defendants who were associated with [the] case in the family

court were motivated by racism in their recommendations, representations, or requests

to the family court, we find that *Rooker-Feldman* bars these claims. The family court rejected [the] claims of racism, and thus this question was 'actually and necessarily decided' by a prior court."); In re Dayton, 786 F. Supp. 2d 809, 816-17 (S.D.N.Y. 2011) (citation omitted) (declining to review certain claims where the plaintiffs argued that they were not challenging the validity of the state court decision but the allegations and injuries arose from the Family Court judgment); Lomnicki v. Cardinal McCloskey Servs., No. 04-CV-4548 (KMK), 2007 WL 2176059, at *5 (S.D.N.Y. July 26, 2007) (citations omitted) ("[The p]laintiff attempts to contravene the *Rooker-Feldman* doctrine by not mentioning the Family Court . . . . She argues that she 'is not requesting the Federal Court herein to review the Family Court's determinations regarding custody, neglect and visitation of the children, but is seeking damages for a Civil Rights violation.' Her argument cannot succeed. The fact that [the p]laintiff is alleging a new claim-discrimination-does not change the injury about which she complains. That injury-the removal of the children from her custody-was caused by the Family Court judgment."); Kaminski v. Comm'r of Oneida Cnty. Dept. of Soc. Servs., 804 F. Supp. 2d 100, 105-06 (N.D.N.Y. Aug. 5, 2011) (dismissing claim as barred by Rooker-Feldman doctrine where the plaintiff "argues her due process rights were violated by virtue of false evidence, contradicting statements, and perjured declarations submitted by [a counselor] in the underlying state court proceedings.").

On the other hand, some courts have allowed claims to proceed where the plaintiff alleged an injury from conduct other than the state-court order. See Sung Cho v. City of New York, 910 F.3d 639, 647 (2d Cir. 2018) ("[W]here . . . [the] plaintiffs bring claims alleging harm flowing from wrongful conduct leading to settlement terms and do

not argue that the state courts committed any error in so-ordering the parties'

agreements, the complaint attacks the conduct itself, and the claim does not function as

a *de facto* appeal[]" from a state court order.); Toohey v. Portfolio Recovery Assocs.,

LLC, No. 15-CV-8098 (GBD), 2016 WL 4473016, at *4 (S.D.N.Y. Aug. 22, 2016)

("Because [the plaintiff] does not seek to undo the state court judgment through this

federal action, but merely seeks damages based on [the d]efendants' alleged

independent wrongful conduct, the *Rooker-Feldman* doctrine does not apply . . . .").

Here, plaintiff fails to state the relief he seeks. See generally Am. Compl. This is

in contravention of Federal Rule of Civil Procedure 8, which requires a complaint to

state "a demand for the relief sought, which may include relief in the alternative or

different types of relief." FED. R. CIV. P. 8(a)(3). In his original complaint, plaintiff

sought $100,000. See Dkt. No. 1 at 5. He did not restate this request for relief in his

amended complaint. See generally Am. Compl. This complicates the undersigned's

consideration of whether plaintiff's complaint is barred by the Rooker-Feldman doctrine.

or whether he seeks to challenge only unrelated conduct. See Edem v. Spitzer, 204 F.

App'x 95, 97 (2d Cir. 2006) (summary order) (citation omitted) ("In an effort to

demonstrate that his claim is not barred by *Rooker-Feldman*, [the plaintiff] submits that

he does not challenge the state judgment, but rather the defendant's failure to afford

him 'adequate notice and an opportunity to be heard prior to the deprivation of his

property rights,' thereby depriving him of due process. We are not convinced. The

procedural defects that [the] plaintiff alleges are, in fact, inextricably intertwined with the

substantive decisions of the state court."). Insofar as plaintiff is alleging an injury by

being prohibited "from contacting his children only allowing plaintiff limited interaction

20

with his children[,]" that injury stems from the Family Court's ex parte court order. Am. Compl. at 4; see Voltaire v. Westchester Cnty. Dep't of Soc. Servs., No. 11-CV-8876 (CS), 2016 WL 4540837, at *10 (S.D.N.Y. Aug. 29, 2016) (citation omitted) ("[The p]laintiff alleges that Westchester County submitted false evidence in opposing her efforts to maintain, and later restore, her parental rights, but *Rooker-Feldman* bars both [the p]laintiff's request to vacate the termination order as well as any due process claims related to [the d]efendant's conduct during or after the termination proceeding[.]"). The alleged injury does not appear to be independent of the state-court order; thus, the Court would likely be barred from considering the substantive and procedural due process claims against Ms. Becker under the Rooker-Feldman doctrine. See Wilson, 2011 WL 494777, at *8; Johnson, 2014 WL 2744624, at *8; Kaminski, 804 F. Supp. 2d at 105-06.[6]

---

[6] Depending on the relief plaintiff seeks, abstention under the domestic-relations doctrine may also be warranted. See Shidagis v. Broome Cnty. D.S.S., No. 3:22-CV-1224 (BKS/ML), 2023 WL 2665461, at *2 (N.D.N.Y. Mar. 28, 2023) (citations omitted) ("[W]hile the domestic relations exception is inapplicable as this case arises under § 1983 and thus involves a federal-question, the Court concludes that dismissal is nonetheless appropriate under the domestic relations abstention doctrine because [the p]laintiff's claims implicate state family court proceedings or determinations and there are no facts alleged suggesting that there is any 'obstacle to their full and fair determination in state courts.'"). Similarly, Younger abstention may apply should plaintiff seek the Court's intervention in on-going custody matters. See Shidagis v. Broome Cnty. Dep't of Soc. Servs., No. 3:22-CV-1299 (GTS/ML), 2023 WL 2245047, at *2 (N.D.N.Y. Jan. 17, 2023) (collecting cases applying Younger abstention to complaints concerning custody orders) (citations omitted) ("'*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.' . . . These allegations are based solely on the state custody proceedings and 'similarly involve the state's compelling interest in protecting the welfare of children,' and [the p]laintiff may raise these claims in the state proceedings."), report and recommendation adopted, 2023 WL 2242092 (N.D.N.Y. Feb. 27, 2023).

### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 10) against

Donna Becker in her official capacity, and Bryanna Folk be **DISMISSED WITH**

**PREJUDICE**; and it is further

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 10) against

Donna Becker in her individual capacity be **DISMISSED WITHOUT PREJUDICE AND**

**WITH LEAVE TO AMEND**; and it is further

**RECOMMENDED**, that in the event plaintiff is granted leave to amend, he be

instructed that the amended complaint will take the place of and effectively invalidate

plaintiff's amended complaint, and that the second amended complaint must comply

with Rules 8 and 10 of the Federal Rules of Civil Procedure; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-

Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within

which to file written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

---

[7] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday,

Dated: May 31, 2023
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).